**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| ROBERT WARE, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 1:07-CV-150 (WLS) |
| | | 42 U.S.C. § 1983 |
| ALICIA MARTIN, *et al.*, | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. § 1983. In his complaint, Plaintiff seeks release from incarceration and compensatory damages for what he claims was an illegal search and seizure which led to his arrest for manufacturing marijuana and possession of a firearm by a convicted felon. (R-2, p. 5).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A (1996):

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

Plaintiff has named Alicia Martin, Clay Carroll and Dewayne Pearson as party defendants. A review of Plaintiff's complaint reveals that he does not seek damages for injury done by any state actors, he rather attacks the validity of his confinement. He states in his Complaint that he has filed a grievance according to the state grievance procedures before filing this action pursuant to 42 U.S.C. § 1983 for damages, but claims nothing was done to remedy the situation.

## CONCLUSION

Plaintiff's § 1983 action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id*. at 487. When a § 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid.

Although Plaintiff alleges that his constitutional rights have been violated, his claims, if proved, would invalidate his state criminal proceeding. As Plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or called into question by a writ

2

of habeas corpus pursuant to a State habeas corpus action, he fails to state a cause of action upon which this court may grant relief.

It should also be noted that Plaintiff has filed two "Motions" (R-21, 22) in this case, one which informs the Court that his guilty plea in this case was improper and the other which informs the court that the search warrant used to search his residence was improper. Plaintiff has also filed a "Motion for Speeded Case" (R- 26) wherein he claims that the Defendants have "already admitted the claim or charge in this case." For the foregoing reasons, the pending "Motions" are DENIED as moot.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claim for damages be **DISMISSED** without prejudice to allow Plaintiff to re-file if and when a final disposition of his criminal proceedings should be resolved in his favor. Under 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 6th Day of September, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw